**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.T.-1, A.T.-2, A.T.-3, A.T.-4, and A.T.-5**

**No. 22-0033** (Kanawha County 21-JA-235, 21-JA-236, 21-JA-237, 21-JA-238, and 21-JA-239)

**MEMORANDUM DECISION**

Petitioner Mother A.T.-6, by counsel Sandra K. Bullman, appeals the Circuit Court of Kanawha County's December 17, 2021, order terminating her parental rights to A.T.-1, A.T.-2, A.T.-3, A.T.-4, and A.T.-5.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Brittany Ryers-Hindbaugh, filed a response in support of the circuit court's order. The guardian ad litem, Jennifer Anderson, filed a response on behalf of the children also in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision vacating the circuit court's order rather than an opinion. As expressed in greater detail below, the decision of the circuit court is vacated due to its failure to set forth sufficient findings of fact and conclusions of law on the record or in the order terminating petitioner's parental rights.

In April of 2021, the DHHR filed a child abuse and neglect petition against petitioner based upon allegations of her substance abuse, lack of supervision of the children, deplorable living conditions, and domestic violence. Petitioner waived her preliminary hearing; however, the court ordered that she participate in services such as drug screening, supervised visitation with the children, and parenting and adult life skills sessions.

The circuit court held a contested adjudicatory hearing in July of 2021. The court adjudicated petitioner as an abusing parent and suspended petitioner's visits due to poor

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because the children and petitioner share the same initials, we will refer to them as A.T.-1, A.T.-2, A.T.-3, A.T.-4, A.T.-5, and A.T.-6, respectively, throughout the memorandum decision.

1

participation with services but ordered that services continue nonetheless. In late July of 2021, the DHHR filed an amended petition naming the father as a respondent parent. In August of 2021, petitioner filed a motion for a post-adjudicatory improvement period.

The guardian submitted a report in late September of 2021, recommending the termination of petitioner's parental rights. The guardian stated that petitioner was very aggressive and angry at the multidisciplinary team meeting held in September of 2021, and that she continued to deny having a substance abuse problem. The guardian opined that petitioner had not proven to the DHHR that she had a stable home environment, that she had addressed the issues that led to the petition's filing, that she had completed any of the court-ordered services, that she had regularly submitted to drug screens, and that she no longer abused illicit substances. The guardian stated that petitioner remained uncooperative and unwilling to take responsibility for the abuse and neglect of the children.

In November of 2021, the DHHR submitted a report indicating that petitioner tested positive for methamphetamine on September 16, 2021. In December of 2021, the DHHR submitted a report indicating that petitioner tested positive for an incredibly high amount of methamphetamine on November 12, 2021. The DHHR recommended termination of petitioner's parental rights.

The circuit court held a final dispositional hearing in December of 2021. The CPS worker testified that the DHHR requested the termination of petitioner's parental rights based on her continued illicit drug use. The worker stated that petitioner had done well in individualized parenting and adult life skill sessions, but petitioner tested positive for a concerningly high amount of methamphetamine as recently as November 12, 2021. The worker testified that, in his opinion, petitioner had not accepted responsibility for the abuse and neglect of the children or the conditions that led to the filing of the petition, as petitioner had not admitted that she had a substance abuse problem or that she had physically abused the children. On cross-examination, the worker stated that petitioner's psychological evaluation was never scheduled, that he did not know why her domestic violence classes had not been set up, and that he was aware that she had fully participated in parenting and adult life skills sessions. He further stated that he was aware that petitioner was employed. Petitioner argued in favor of her motion for an improvement period, stating that she had fully participated in individualized parenting and adult life skills sessions, had submitted to most drug screens, was employed, had stable housing, and had attended a couple of substance abuse treatment facilities.

By order entered on December 17, 2021, the circuit court terminated petitioner's parental rights. The order, a filled-in form, contained no findings of fact in support of disposition. However, the form indicated, via checked boxes, that the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. Petitioner now appeals the dispositional order terminating her parental rights.[2]

---

[2]The father's parental rights were terminated below. According to the respondents, the permanency plan for the children is adoption in their respective foster homes.

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Further, we have held that

> [w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order.

Syl. Pt. 5, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001).

In *Edward B.*, we explained that "[c]lear and complete findings by the trial judge are essential to enable [the appellate court] properly to exercise and not exceed our powers of review." *Id.* at 632, 558 S.E.2d at 631 (citation omitted). In the present case, the circuit court's findings on the record are limited to such an extent as to render appellate review impossible. Due to a lack of adequate factual findings, we find it necessary to vacate and remand the circuit court's final dispositional order for the limited purpose of entry of an order that contains sufficient findings of fact and conclusions of law for appellate review.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her an improvement period; however, because the circuit court failed to make adequate findings of fact and conclusions of law on the record or in its order to support its decision to terminate petitioner's parental rights, we are unable to evaluate petitioner's claim.

Rule 36(a) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings requires that

> [a]t the conclusion of the disposition hearing, the court shall make findings of fact and conclusions of law, in writing or on the record, as to the appropriate disposition in accordance with the provisions of W. Va. Code § 49-4-604. The court shall enter

3

a disposition order, including findings of fact and conclusions of law, within ten (10) days of the conclusion of the hearing.

West Virginia Code § 49-4-604(c) sets forth the various dispositions to be imposed at the conclusion of abuse and neglect proceedings. Relevant to petitioner's disposition, to terminate a parent's rights, the circuit court must find that "there was no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. W. Va. Code § 49-4-604(c)(6). This Court has held that

> [w]here a trial court order terminating parental rights merely declares that there is no reasonable likelihood that a parent can eliminate the conditions of neglect, without explicitly stating factual findings in the order or on the record supporting such conclusion, and fails to state statutory findings required by West Virginia Code § [49-4-604] on the record or in the order, the order is inadequate.

*Edward B.* at 621, 558 S.E.2d at 620, Syl. Pt. 4, in part. Here, pursuant to *Edward B.*, the circuit court's order is inadequate.

For the foregoing reasons, the December 17, 2021, dispositional order terminating petitioner's parental rights to A.T.-1, A.T.-2, A.T.-3, A.T.-4, and A.T.-5 is vacated and the matter remanded with direction to the circuit court to enter a dispositional order containing adequate factual findings and conclusions of law.[3] This Court is not suggesting any outcome in vacating and remanding this matter. Rather, the desired result is that another order be entered containing sufficient factual findings and conclusions of law to form a basis for a dispositional decision, which petitioner may appeal. The circuit court is directed to enter a new final order within the next thirty days. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and remanded.

**ISSUED**: August 31, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

[3]We note that the vacation of the December 17, 2021, dispositional order applies only to the circuit court's termination of petitioner's parental rights to A.T.-1, A.T.-2, A.T.-3, A.T.-4, and A.T.-5.

4